UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

EMPLOYERS MUTUAL CASUALTY
COMPANY,

        Plaintiff,

v.                                                    C.A. No.: 1:25-cv-00062

MATT DAVITT and DAVITT DESIGN BUILD INC.
ALEC R. TESA AND A TESA ARCHIECTURE,INC.

        Defendants,

---

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

This is a civil action for declaratory relief pursuant to 28 U.S.C. § 2201, in which the Plaintiff, Employers Mutual Casualty Company ("EMC") petitions this Court for declarations of rights and obligations in connection with insurance policies issued by EMC to Matt Davitt and Davitt Design Build Inc.

EMC brings this action to obtain a declaratory judgment finding that it has no duty to defend or indemnify Matt Davitt and Davitt Design Build, Inc. in connection with a lawsuit filed in the United States District Court for the District of Rhode Island captioned, *Alec R. Tesa and A. Tesa Architecture Inc. v. Matt Davitt and Davitt Design Build Inc.*, Case No.: 1:24-CV-0054 ("Underlying Lawsuit"), for Breach of Contract and Violations of Copyrights. A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit A**.

### Jurisdiction and Venue

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## The Parties

4. Plaintiff, EMC, is an Iowa Corporation with a principal place of business in Des Moines, Iowa.

5. Defendant, A. Tesa Architecture, Inc. is a Delaware Corporation with a principal place of business in Newport, Rhode Island.

6. Defendant, Alec R. Tesa, is a natural person and with an address of 9564 Parkland Florida.

7. Defendant, Matt Davitt, is a resident of Jamestown, Rhode Island.

8. Defendant, Davitt Design Build, Inc. is a Rhode Island Corporation with a principal place of business in West Kingston, Rhode Island.

9. Each named Defendant herein has been joined in compliance with statutory and case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## Underlying Lawsuit

10. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges:

   *On or about September 13, 2015, Defendants entered into a written agreement with the Plaintiffs for Plaintiffs to provide Architectural Design Services (the "Contract"). A true copy of the Contract is attached hereto as Exhibit 1. ¶8*

   *The Contract expressly stated the Defendants were to use Tesa's Designs only to construct the two homes on Lots 9 and 11 and for no other purpose. ¶10*

*Since the fall of 2015, Defendants, without authorization, in violation of Plaintiffs' copyright and in violation of the Contract, constructed single-family homes using Tesa's Designs, such construction located at, among other places, 35 Battery Lane, Jamestown, Rhode Island; 127 Highland Drive, Jamestown, Rhode Island, and 1048 Ocean Road, Narragansett, Rhode Island. See Exhibit 2. ¶13*

*Defendants, without Plaintiffs' authorization, used, reproduced, and distributed Tesa's Designs as if owned by DBB on the DBB Instagram page and DBB website as recently as June 2024. Screenshots of the DDB Instagram account are attached hereto as Exhibit 3. ¶14*

\*\*\*

## COUNT I
### (Copyright Infringement)

\*\*\*

*Plaintiffs are the owners of all right, title, and interest in the copyright in Tesa's Designs registered in the United States Trademark Office under the "Architectural Construction Drawings and 9 Other Unpublished Works. ¶19*

*The Defendants, without authorization, copied, manufactured, distributed, and used Tesa's Designs to construct and then sell homes as shown by the similarity of the homes to Tesa's Designs located at, among other places, 35 Battery Lane, Jamestown, Rhode Island; 127 Highland Drive, Jamestown, Rhode Island, 1048 Ocean Road, Narragansett, Rhode Island, DavittDesignBuild.com, and social media postings by Defendants at Instagram.com/davittdesingbuild.inc; thereby infringing the copyright held by Plaintiffs in Tesa's Designs. ¶20*

*Defendants have profited wrongfully from the unauthorized use of Tesa's Designs and Tesa has been harmed by Defendants' wrongful conduct. ¶21*

\*\*\*

## Count II
### (Breach of Contract)

\*\*\*

*Under the terms of the Contract, Defendants were strictly prohibited from submitting or using Tesa's Designs for any purpose other than Lots 9 and 11. The Contract strictly prohibited the sale, reproduction, creation of works derivative of Tesa's Designs for any other purpose without proper compensation to Plaintiffs, and Plaintiffs' express written consent. ¶25*

> *Defendants breached the Contract by using Tesa's Designs without Plaintiffs' consent, reproducing and/or creating works derivative of Tesa's Designs and constructing or offering to construct for others homes based on Tesa's Design… ¶26*

> *Defendants wrongfully profited by their breach of the Contract and Tesa has suffered a loss due to the breach. ¶27*

**The Insurance Policies**

11. Davitt Design Build, Inc. was insured by EMC under a CGL Policy, from March 6, 2015, to March 6, 2016, which was renewed annually thereafter through the March 6, 2024, to March 6, 2025, Policy period, as follows:

    a. policy period from March 6, 2015, to March 6, 2016 (the "2015 Policy");

    b. policy period from March 6, 2016, to March 6, 2017 (the "2016 Policy");

    c. policy period from March 6, 2017, to March 6, 2018 (the "2017 Policy");

    d. policy period from March 6, 2018, to March 6, 2019 (the "2018 Policy");

    e. policy period from March 6, 2019, to March 6, 2020 (the "2019 Policy");

    f. policy period from March 6,2020 to March 6, 2021 (the "2020 Policy");

    g. policy period from March 6, 2021, to March 6, 2022 (the "2021 Policy");

    h. policy period from March 6, 2022, to March 6, 2023 (the "2022 Policy");

    i. policy period from March 6, 2023to March 6, 2024 (the "2023 Policy");

    j. policy period from March 6, 2024, to March 6, 2025 (the "2024 Policy");

12. The relevant liability limits for the Policies are $1,000,000.00 per occurrence, $1,000,000.00 for personal and advertising injury, with a $2,000,000.00 general aggregate. Because the Policies are virtually identical except as otherwise noted herein, a true and correct copy of only the 2015 Policy is attached hereto as Exhibit B. The CGL provisions of the Policies which are relevant to this matter are the same form CG001 (04/13).

**Commercial General Liability Coverage**

13. The provisions of EMC Commercial General Liability policy pertinent to this matter are as follows:

    *SECTION I – COVERAGES*

    *COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

    *1.     Insuring Agreement.*

    *a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.*

    *\*\*\**

    *b.     This insurance applies to "bodily injury" and "property damage" only if:*

    *(1)     The "bodily injury" or "property damage" is caused by an "occurrence" …*

    *DEFINITIONS*
    *\*\*\**

    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

    *\*\*\**

    *"Property damage" means:*

    *a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

    *b.     Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.*

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**
**The Underlying Complaint Does Not Allege an "Occurrence"**

14. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

15. The allegations in the Underlying Complaint do not set forth an "occurrence" which is defined as an "accident including continuous or repeated exposure to substantially the same general harmful conditions."

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint because such claims do not constitute an "occurrence".

## SECOND CAUSE OF ACTION
### (Declaratory Relief)
### The Underlying Complaint Does Not Allege "Property Damage"

16. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

17. EMC's CGL Policy defines "property damage," in relevant part, as "physical injury to or destruction of tangible property, including all resulting loss of use of that property." Additionally, "property damage" is defined to include "the loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property." The Underlying Complaint does not allege physical injury to any tangible property.

18. The gravamen of the Complaint is that the Defendants, Alec R. Tesa, and A. Tesa Architecture Inc, suffered an economic or financial lost.

19. Purely economic or financial loss does not come within the definition of "property damage".

20. The Underlying Complaint does not allege any physical injury to tangible property, hence, there are no claims for "property damage" within the meaning of the Policy and thus, there is no insurance coverage afforded by Coverage A of the CGL Policy.

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)
### There is No Coverage for the Equitable Relief which the Plaintiff is Seeking in The Underlying Complaint

21. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

22. The Underlying Complaint seeks equitable relief and economic loss for matters which do not involve injury or damage to tangible property which are not a claim for damages under the CGL Policy.

23. The Underlying Complaint requests that the Court:

> *"Assessment of actual and statutory damages under Count I, including but not limited to, disgorgement of all profits obtained from the unauthorized use of Tesa's design."*

24. The EMC Policy does not afford coverage for profits which the Defendants, Matt Davitt and Davitt Design Build, Inc. in the Underlying Litigation were not entitled to in the first place.

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint because there is no coverage for the relief sought.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief)
### Personal and Advertising Injury Liability

25. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

26. COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY of the CGL Policy states in pertinent part:

*1.   Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

\*\*\*

*b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

\*\*\*

*1   Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

\*\*\*

**g**. *Infringing upon another's copyright, trade dress or slogan in your advertisement.*

27. Plaintiffs allege an advertisement of a misappropriated product but that does not cause a "personal and advertising injury" within the terms of the insurance policies.

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)
### Exclusions Breach of Contract

28. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

29. COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY states in pertinent part:

**2. Exclusions**

This insurance does not apply to:

*f.  Breach Of Contract*

*"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".*

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint because they arise out of breach of contract.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**
**Exclusions Knowing Violation of Rights of Another**

30. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY of the CGL Policy states in pertinent part:

*2. Exclusions*

*This insurance does not apply to:*

*a.  Knowing Violation Of Rights Of Another*

*"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the policy for the claims asserted in the Underlying Complaint because the alleged acts, were "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief)**
**Attorneys' Fees**

31. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

32. The policy states in pertinent part that it does not make payments for attorneys' fees or attorneys' expenses taxed against the insured.

WHEREFORE, EMC respectfully requests that this Court declare that no duty to indemnify the Defendants, Matt Davitt and Davitt Design Build, Inc., for attorneys' fees or attorneys' expenses taxed against them.

### EIGHT CAUSE OF ACTION
### (Declaratory Relief)
### Umbrella Insurance Coverage

33. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

34. EMC issued Umbrella Liability Policies to Matt Davitt and Davitt Design Build, Inc. for the Policy periods from March 6, 2015, to March 6, 2025.

35. The provisions of EMC Umbrella Liability policies pertinent to this matter are as follows:

*SECTION I – COVERAGES*

*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1. *Insuring Agreement*

   a. *We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. (Form CU 00 01 04 13)*

36. The Umbrella Liability coverage does not apply to "bodily injury and property damage" except to the extent that coverage for such "bodily injury and property damage" is provided by "underlying insurance".

37. The provisions of EMC Umbrella Liability policy pertinent to this matter are as follows:

COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

1. *Insuring Agreement*

   *We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. (Form CU 00 01 04 13)*

38. Pursuant to the Insuring Agreement of the Umbrella Liability Policy the insurance only provides coverage for "damages" in excess of the "underlying insurance" ... because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence"...

39. The Umbrella Liability coverage does not apply to "personal and advertising injury" except to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance."

40. The relevant CGL Policies that meet the definition of "underlying insurance" do not provide coverage and, therefore, the Umbrella policies do not provide excess coverage in relation to the Underlying Complaint.

41. The policy contains an endorsement entitled COVERAGE FOR PROFESSIONAL SERVICES, which states in pertinent part:

*This endorsement modifies the insurance provided under the following:*

***COMMERCIAL LIABILITY UMBRELLA COVERAGE PART***

\*\*\*

*Coverage provided will follow the provisions, exclusions, and limitations of the "underlying insurance" unless otherwise directed by this insurance. (Form CU 2423 12-07)* **Exhibit D.**

WHEREFORE, EMC respectfully requests that this Court declare that neither defense, nor indemnity is owed under the Umbrella policies for the claims asserted in the Underlying Complaint.

## COMPLAINT FOR DECLARATORY RELIEF

42. EMC repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

43. By enumerating the foregoing provisions of its Policies, EMC does not waive reliance upon any other portions or provisions of its subject contract(s) of insurance to establish the basis for and its right to declaratory relief.

44. An actual controversy exists between the EMC and the named Defendants in this Declaratory Judgment Action as to the rights and obligations of the parties under the applicable insurance contract(s).

45. An actual controversy exists between EMC and the Defendants as to the nature and extent of EMC's obligation, if any, to defend and indemnify the Defendants Matt Davitt and Davitt Design Build. Inc., in the Underlying Lawsuit under the CGL and Umbrella Policies.

46. No other method of relief is available to resolve this controversy.

47. A Declaratory Judgment will terminate this conflict.

WHEREFORE, Plaintiff, EMC respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that EMC has no duty to defend Matt Davitt and Davitt Design Build, Inc., in the Underlying Lawsuit under the CGL or Umbrella Policies;

B. Declare that EMC has no duty to indemnify Matt Davitt and Davitt Design Build, Inc., for any loss or damages arising from Underlying Lawsuit under the CGL or Umbrella Policies;

C. Declare that EMC has no duty to indemnify Matt Davitt and Davitt Design Build. Inc., for any loss or damages arising from a Breach of Contract under the CGL or Umbrella Policies;

D. Declare that EMC has no duty to indemnify Matt Davitt and Davitt Design Build. Inc., for any loss or damages arising from a copyright violation under the CGL or Umbrella Policies;

E. Declare that EMC has no duty to indemnify Matt Davitt and Davitt Design Build. Inc., for any costs, attorney's fees, and expenses in the Underlying Lawsuit under the CGL or Umbrella Policies:

F. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs;

G. That the Court will award any other relief this Court deems just and appropriate.

Employers Mutual Insurance Company,
By its attorney,

*/s/ Lauren D. Wilkins*

_____
Lauren D. Wilkins, Esquire (#3239)
Davids & Cohen, P.C.
200 Midway Road, Suite 169
Cranston, RI 02910
Tel: (401) 351-9970
Fax: (401) 274-6218
Email: lwilkins@davids-cohen.com

Dated: February 14, 2025